Evelyn SEEGER, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of
Health & Human Services,
Defendant.

No. 87 C 6465.

United States District Court,
N.D. Illinois, E.D.

March 3, 1988.

Dorie Budlow, Frederick J. Daley, Ltd., Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. by Eileen Marutzky, Asst. U.S. Atty., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This court remands this case to the administrative law judge (ALJ) for reconsideration of plaintiff's claim.

Plaintiff Evelyn Seeger seeks federal disability benefits. She claims that severe pain and spasms in her back, neck, and arms prevent her from working. The Social Security Administration (SSA) denied Seeger's application for benefits. In affirming the SSA, the ALJ concluded that Seeger is not disabled because she possesses the residual functional capacity (RFC) to engage in light work. *See* 20 CFR § 404.1567 (1987). The ALJ rested his finding on the results of an examination by Dr. Richard Shermer and the testimony of Dr. Donald Miller. Based on the conclusion of Drs. Shermer and Miller that Seeger does not suffer from a major orthopedic impairment, the ALJ found that Seeger's subjective complaints of pain were exaggerated.

The ALJ's findings, however, do not address the contrary conclusions of Drs. Michael Van Dehey and Jonas Mileris, who treated Seeger on a regular basis. These physicians concluded that Seeger does not have the RFC necessary to perform light work. They based this finding on Seeger's persistent muscle spasms, atrophy, scoliosis, and severe limitation in range of motion —all objective symptoms of soft tissue damage, which would tend to corroborate Seeger's subjective complaints of pain. No other medical evidence in the record contradicts the conclusions of Seeger's treating physicians; even Dr. Miller did not rule out the possibility that soft tissue damage may be causing the severe pain of which Seeger complains.

When assessing a claim for disability benefits, an ALJ must articulate his reasons for rejecting uncontradicted evidence. *Look v. Heckler*, 775 F.2d 192, 195 (7th Cir.1985). The ALJ in the instant case may have had good reasons to reject the findings of Seeger's treating physicians, but he failed to state those reasons when he issued his ruling. Therefore, this court remands this case to the ALJ for reconsideration of Seeger's claim.